UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| U.S. BANK, N.A. as Trustee for the Registered Holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates Series 2007-TC1, <br><br> Plaintiff, <br><br> v. <br><br> MELTE WILLIS, <br><br> Defendant. | No. 10 C 5454 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This is a complaint to foreclose a Mortgage (the "Mortgage"). Plaintiff alleges that the Mortgage at the center of this dispute is in default, and that Defendant, the mortgagor, has failed to pay the monthly installments of principal, interest, taxes, and insurance from February 1, 2010 through the present. Defendant also filed a counterclaim alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, unjust enrichment, and breach of contract. This counterclaim was dismissed without prejudice with leave to reinstate. A principal balance remains with interest accruing on the unpaid principal balance. Plaintiff now moves for summary judgment. For the following reasons, Plaintiff's motion is granted.

## I. STATEMENT OF RELEVANT FACTS

On November 24, 1999, Ameriquest Mortgage Company ("Ameriquest") lent Defendant approximately $76,000.00. Defendant executed an Adjustable Rate Note ("Note") in favor of Ameriquest in exchange for receiving this money. Defendant also agreed to pay 10.75% in interest at a yearly rate, taxes, insurance and any other escrow items that might apply. Monthly

payments were to be made on the first day of every month in the amount of $709.45. This amount was subject to change. Ameriquest secured its interests in the Note by filing the Mortgage with the Cook County Recorder on November 30, 1999.

On April 10, 2000, Ameriquest assigned its Mortgage to Plaintiff. Plaintiff received all of Ameriquest's interests in the Property pursuant to the Mortgage and Note.

On February 1, 2010, the Defendant failed to pay the monthly installments of principal, interest, taxes, insurance, and any other escrow items applied. No payment has been made since that date, and there remains an outstanding principal balance as of November 19, 2010, with interest accruing on the unpaid principal balance at $11.75 per day.

## II. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The facts presented are to be construed in a light most favorable to the nonmoving party. *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir. 2001). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

## III. DISCUSSION

This is a matter of contract interpretation. In construing a contract, the primary objective is to give effect to the intention of the parties. *Gallagher v. Lenart*, 874 N.E.2d 43, 50 (Ill.

2

2007). In construing a contract, a court must first look to its language, as the plain language of the contract is the best indication of the parties' intent. *Id*. When the words of a contract are clear and unambiguous, they must be given their plain and ordinary meaning. *Central Ill. Light Co. v. Home Ins. Co.*, 821 N.E.2d 206, 209 (Ill. 2004).

The Mortgage states:

> This Security Instrument secures to [Plaintiff]: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, . . . and (c) the performance of [Debtor's] covenants and agreements under this Security Instrument and the Note.

By its clear language, the Mortgage secures the amount owed under th Note. The language of the Mortgage shows that the Note is fully secured:

> [i]f the default is not cured . . . [Plaintiff], at its option, may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. [Plaintiff] shall be entitled to collect expenses incurred in pursuing the remedies provided in this paragraph. . . including, but not limited to, reasonable attorney's fees and cost of title evidence.

It is undisputed that Defendant has failed to make all payments due under the Note, and accordingly is in default.

Defendant makes a number of arguments in opposition to Plaintiff's motion for summary judgment, but none are availing.

A. <u>Defendant's Procedural Objections Lack Merit.</u>

First, Defendant argues that Plaintiff violated the Court's own rule by filing its Motion for Summary Judgment before the Court approved a briefing schedule. However, on January 25, 2011, this Court held a status conference in which it dismissed Defendant's counterclaim, and set

a status conference for March 15, 2011. The court stated that Plaintiff could file a Motion for Summary Judgment prior to that date if it so desired.

Next, Defendant argues that she is prejudiced because she did not receive Fed. R. Civ. P. 26(a)(1) initial disclosures. This Rule requires that a party make its initial disclosure at or within fourteen days after the parties' Rule 26(f) conference. Plaintiff, however, made various unsuccessful attempts to engage Defendant in the Rule 26(f) conference. A subsequent email also indicated that all of Plaintiff's initial disclosures were attached to the Complaint. Defendant never responded to this email, and it does not appear that Defendant has suffered any prejudice from any alleged delay in identifying these disclosures.

Finally, Defendant argues that Plaintiff's motion should be denied because of a failure to comply with Local Rule 56.1. Specifically, Defendant claims that plaintiff's motion should be denied because Plaintiff failed to provide citations to the record in every statement of Plaintiff's "Statement of Undisputed Material Facts." Plaintiff admits that it failed to provide specific citations to paragraphs 1, 4, 10 and 11, however, this omission is not a basis to deny its motion. A district court has broad discretion in deciding whether to require strict compliance with the local rules. *Ammons v. Aramark*, 368 F.3d 809, 817 (7th Cir. 2004).

B. <u>The Assignment That Gives Plaintiff Standing Is Valid.</u>

The majority of Defendant's brief is dedicated to arguing that there is a genuine issue of material fact as to whether Plaintiff has a valid assignment and questions whether it has standing to bring this action. I am unpersuaded by Defendant's arguments and find that Plaintiff does have standing to bring this claim.

A party may make a factual challenge that another does not have standing, and thus, there is no subject matter jurisdiction. *Apex Digital Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). When a defendant introduces evidence that calls the court's jurisdiction into question, the presumption of facial standing falls, and the plaintiff bears the burden of proof that standing exists. *Commodity Trend Serv. v. Commodity Futures Trading Commission*, 149 F.3d 679, 685 (7th Cir. 1998).

Here, Defendant has put forth no direct evidence to challenge Plaintiff's standing. First, Defendant cites to a CBS News report on *60 Minutes*. The report uncovered evidence that allegedly implicates Plaintiff in mortgage document fraud through the process of "robo-signing" or false notarizations and assembly line notarizations. Defendant, however, presents no evidence to show that the individual that executed the assignment, Denise Marvel ("Marvel"), engaged in fraud or a fake assignment.

Next, Defendant points to the fact that Marvel signed documents as Substitute Trustee for Ocwen Loan Servicing LLC ("Ocwen"), Servicing Officer of Ocwen, Vice-President of Mortgage Electronic Registration Systems, Inc. ("MERS"), and Assistant Secretary of MERS. These facts, however, merely establish that Marvel holds many different positions with both Ocwen and MERS and executes documents in various capacities. On the Assignment in question, Ameriquest assigned its interest via its Attorney-In-Fact. Ocwen Loan Servicing, LLC had the power of Attorney-In-Fact during the time the Assignment occurred. Therefore, as an employee of Ocwen (Manager of Document Control and Contract Management), Marvel had the authority to execute legal documents for Ocwen Loan Servicing, LLC.

Defendant also points to signatures of Marvel and the notary of the Assignment, Leticia Arias ("Arias"), and claim that various signatures are inconsistent. Defendant claims that this gives rise to "fair questions regarding the legitimacy of Marvel's signature on the Assignment at issue here." I disagree. This evidence does not refute the validity of the assignment as the legal documents establish that Ocwen had authority to assign interests for Ameriquest. Moreover, these accusations are speculative at best, and do not render Plaintiff's evidence insufficient to establish standing.

Next, Defendant points to the various dates in the Assignment as a basis for her challenge to validity. The Assignment was "made and entered" on April 10, 2000, which was the date the Assignment was entered into between the parties. The document also indicates that it was not until November 4, 2008 that it was actually executed. Despite this disparity, Ameriquest gave Ocwen the power of attorney on November 16, 1998. The power of attorney does not have an expiration date and continued until one of the parties revoked it. *See Fort Dearborn Life Ins. Co. V. Holcomb*, 736 N.E.2d 578, 589 (Ill. App. Ct. 2000) ( written power of attorney must be strictly construed to reflect the clear and obvious intent of the parties). That the Assignment indicates that the power of attorney was not recorded in Illinois until May 25, 2000 is of no consequence because a recording date of a power of attorney has no effect on the validity of a power of attorney.

Other issues raised by Defendant likewise do not sufficiently challenge Plaintiff's standing. Defendant concludes that a Notary attestation referring to Denise A. Marvel as "he" instead of "her" is indicative of fraud. This fact, however, does not rise to a level to challenge Plaintiff's standing. Moreover, this typographical error is in the statement of the notary, and has

no bearing on the remaining language of the Assignment. Similarly, Defendant suggests that there is a conflict of interest for Ocwen to represent both the assignor and the assignee. Both parties, however, willingly used the same agent, and moreover, such a conflict is insufficient to challenge Plaintiff's standing to bring suit without a citation to authority to show that such a potential conflict is improper.

Accordingly, I find that Plaintiff has standing to bring this suit.

C. <u>Undisputed Facts Require That I Grant Plaintiff's Motion</u>

Plaintiff has shown that a valid contract exists and that it has the ability to foreclose on Defendant's property. Defendant has provided no evidence to show that she has in fact made any payment since February 2, 2010, and accordingly, Defendant has breached her contract. Defendant has put forth no evidence upon which a reasonable jury can find for her, *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986), and accordingly, Plaintiff's motion for summary judgment is granted.

D. <u>Plaintiff's Affidavit of Debt</u>

Plaintiff challenges the affidavit of Radhad Blanchard ("Blanchard"). In his affidavit, Blanchard calculates Defendant's total indebtedness based on a Servicing Record. Blanchard's affidavit is insufficient for two reasons. First, the document on which it relies, a print-out of the Servicing Records pertaining to Defendant's account, is not attached as indicated in the affidavit. Second, though the affidavit purports to summarize the total indebtedness of Plaintiff as of November 19, 2010, the affidavit was signed on February 3, 2010. A new and corrected affidavit should be provided to the court within fourteen days so that the correct award of damages can be entered.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: August 22, 2011